Filed 10/15/13  In re Ramiro E. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re RAMIRO E., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAMIRO E.,<br><br>Defendant and Appellant. | F066857<br><br>(Super. Ct. No. JJD065486)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Juliet L. Boccone, Judge.

Michael Allen, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Levy, J. and Peña, J.

On February 15, 2013, the juvenile court, following a contested jurisdiction hearing, found true allegations that appellant Ramiro E., committed two counts of second degree robbery (Pen. Code, § 211) and that he was 17 years old at the time he did so. Appellant had been adjudged a ward of the juvenile court in a previous proceeding, and on March 6, 2013, at the disposition hearing in the instant case, the court continued appellant as a ward of the court and ordered him committed to the Tulare County Youth Correctional Center Unit for a period of 240 to 365 days.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d. 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTS

On the afternoon of August 24, 2011, 15-year-old R.B. was skateboarding with his friend Ruben C. (Ruben) and two other friends when appellant and four other youths approached and encircled R.B. and his friends. Appellant told R.B. that appellant's friend needed a skateboard and that appellant would "jump" R.B. if R.B. did not give him R.B.'s skateboard. Appellant then stepped closer to R.B. and "stared," at which point R.B. handed appellant his skateboard. Next, appellant noticed R.B. had headphones and asked "what that was." R.B. replied "it was [his] i-Pod"; appellant demanded the i-Pod and R.B. complied. R.B. relinquished his skateboard and his i-Pod because he was "just scared" and "didn't want to get hurt." Next, Ruben "gave his stuff to the other guy" and appellant and his companions left.

Ruben corroborated R.B.'s account of appellant robbing R.B. Ruben further testified to the following: "[Appellant's] friend ... took [Ruben's] i-Pod, and [appellant's] other friend took [Ruben's] skateboard." Ruben relinquished these items because "[he] felt like [he] was going to ... get hurt" if he did not do so. After appellant and his

2.

companions took the skateboards and i-Pods, they "ran back towards like where they all came from and jumped [the] fence .…"

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.